UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID JOSEPH AU,

        Petitioner,

v.                          Case No:  2:11-cv-103-Ftm-29UAM

EDWIN BUSS and FLORIDA
ATTORNEY GENERAL,

        Respondents.
_____/

## OPINION AND ORDER

This matter comes before the Court on David Joseph Au's ("Petitioner's") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1, filed March 3, 2011). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted (Doc. 6). Thereafter, Respondents filed a response and a supplemental response to the petition in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts (Docs. 17, 38). Petitioner filed a reply and three supplemental replies to the responses (Docs. 20, 24, 27, 41).

Petitioner raises five claims for relief in his petition. Petitioner alleges that: (1) trial counsel was ineffective for failing to object to the State's improper introduction of character evidence; (2) trial counsel was ineffective for failing to

investigate the victim's criminal history; (3) trial counsel was ineffective for failing to investigate witnesses who had contact with the victim shortly before death; (4) trial counsel was ineffective for failing to object to deficient jury instructions; and (5) the cumulative effects of trial counsel's deficient performance resulted in prejudice (Doc. 1 at 5-21).

Because this Court can adequately assess Petitioner's claims without further factual development, an evidentiary hearing will not be conducted. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003).  Upon due consideration of the petition, the responses, the replies, and the state-court record, this Court concludes that Claims Three and Four are due to be dismissed as unexhausted and procedurally barred.  Claims One, Two, and Five are due to be denied.

I.   **Background and Procedural History**

On February 20, 2004, Petitioner was charged by information with second degree murder with a firearm, in violation of Florida Statute § 782.04(2) (Vol. 1 at 1).[1]  On November 3, 2004, after a jury trial, Petitioner was found guilty as charged and was sentenced to thirty years in prison (Vol. 3 at 185, 224).   On January 20, 2006, Petitioner's conviction and sentence were *per*

---

[1] Unless otherwise noted, citations to volumes (Vol.___ at ___) and exhibits (Ex. ___ at ___) are to those filed by Respondents on November 8, 2011 (Doc. 18).  References to the trial transcript, contained in Volume Four, will be cited as (T. at ___)

*curiam* affirmed by Florida's Second District Court of Appeal (Ex. 5); Au v. State, 923 So. 2d 498 (Fla. 2d DCA 2006).

On July 25, 2006, Petitioner fled a *pro se* petition for writ of habeas corpus in which he alleged that his appellate counsel rendered ineffective assistance of counsel by failing to argue that the State did not prove the identity of the victim (Ex. 9). The Petition was denied (Ex. 12); Au v. State, 940 So. 2d 1131 (Fla. 2d DCA 2006). On March 13, 2008, Petitioner filed a motion seeking leave to file a belated appeal in which Petitioner alleged that appellate counsel "failed to recognize unobjected-to fundamental errors in both the jury instructions and jury charge." (Ex. 16 at 4). Petitioner's motion was construed as a petition alleging ineffective assistance of appellate counsel and was denied on April 17, 2008 (Ex. 17).

On June 15, 2007, Petitioner filed, through retained counsel, a motion to vacate his judgment pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") in which he raised six grounds of ineffective assistance of trial counsel (Ex. 21). On August 20, 2009, Petitioner filed an amended Rule 3.850 motion in which he restated and expanded upon four of the ineffective assistance claims and added a new ineffective assistance claim (Ex. 22). The amended Rule 3.850 motion was dismissed by the post-conviction court as untimely filed due to counsel's failure to attach a proper oath until after Florida's

3

two-year statute of limitations for Rule 3.850 motions had passed (Ex. 27). The post-conviction court addressed only the original Rule 3.850 motion, and it was denied on the merits. Id. Florida's Second District Court of Appeal affirmed *per curiam* (Ex. 29); Au v. State, 50 So.3d 604 (2010).

The instant petition was filed in this Court on March 3, 2011 (Doc. 1). In the petition, Petitioner seeks to raise the same arguments as previously raised in the Rule 3.850 motion rejected by the post-conviction court as untimely. Id. In response to the petition, Respondents argued that these claims were unexhausted and procedurally barred (Doc. 17). On October 16, 2013, the Court ordered Respondents to file a supplemental response addressing the ineffective assistance of counsel claims alleged to be procedurally defaulted in light of the United States Supreme Court's holding in Martinez v. Ryan, 132 S. Ct. 1309 (2012) (Doc. 29). Respondents filed a supplemental response, and Petitioner replied to the supplemental response (Docs. 38, 41).

## II.  Governing Legal Principles

### a.  *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to,
> or involved an unreasonable application of,

4

> clearly established Federal law, as determined
> by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an
>      unreasonable determination of the facts in
>      light of the evidence presented in the State
>      court proceeding.

28 U.S.C. § 2254(d).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v.

5

Moore, 234 F.3d 526, 531 (11th Cir. 2000) or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."   Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406).   The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155.

Finally, the Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1);   see e.g. Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision

was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

### b. *Standard for Ineffective Assistance of Counsel*

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. Id.  Because both parts of the Strickland test must be satisfied in order to demonstrate a violation of the Sixth Amendment, a district court need not address the performance prong if the petitioner cannot meet the prejudice prong, or vice versa. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89.  In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct

on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690).

As to the prejudice prong of the <u>Strickland</u> standard, Petitioner's burden to demonstrate prejudice is high. <u>Wellington v. Moore</u>, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> At 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

### c.  *Exhaustion and Procedural Default*

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or

8

(B)

        (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (2012).

Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Conner, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally,

a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. <u>Coleman</u>, 501 U.S. at 750.  If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  "To establish cause for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir. 1999). In <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), the United States Supreme Court recently held that ineffective assistance of counsel in an initial-review state collateral proceeding may provide cause to excuse the procedural default of an ineffective assistance of trial counsel claim, provided that the defaulted claim is "substantial." 132 S. Ct. at 1318-20.  To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" Murray v. Carrier, 477 U.S. 478, 479-80 (1986). Actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324).

## III. **Analysis**

### a. *Claim One*

Petitioner alleges that trial counsel rendered ineffective assistance when he failed to object to the State's improper use of character evidence and to the State's improper remarks during closing argument (Doc. 1 at 5). Specifically, Petitioner claims that counsel should have objected to the testimony of witness John McGuire who was questioned as to whether the victim was known to be violent or aggressive when drinking and to the State's closing references to the victim as not "a bad drunk." Id. at 6-7. Petitioner also argues that trial counsel was ineffective for

11

failing to object to the State's characterization of the victim as a harmless drunk who could not have posed a threat to Petitioner. Id. at 6-7. Petitioner alleges that the victim had a criminal history which included charges of driving while intoxicated, domestic violence, battery, criminal mischief, and intimidation of a law enforcement officer, and that trial counsel should have introduced evidence of that history. Id. at 7-8.

Petitioner raised the substance of this claim in Claim Two of his initial Rule 3.850 motion, and the post-conviction court broke the claim into three sub-claims. The post-conviction court concluded that Petitioner alleged that counsel was ineffective for: (a) failing to investigate the criminal history and character of the victim; (b) failing to object to the State's improper introduction of character evidence; and (c) failing to object to the State's improper closing argument concerning the victim's character (Ex. 27 at 3). Each of these claims was considered, and rejected, by the post-conviction court. Id.[2]

The post-conviction court concluded that counsel was not ineffective for failing to object to the State's introduction of character evidence because such evidence was introduced in response to trial counsel's characterization of the victim:

_____

[2] In Claim Two of the instant petition, Petitioner re-alleges his claim that counsel was ineffective for failing to investigate the victim's criminal background.  Accordingly, this aspect of Claim One will be addressed in the discussion of Claim Two.

> Defendant argues that counsel was ineffective
> for failing to object to the State's improper
> introduction of character evidence.  Defendant
> believes it was improper for the State to
> elicit rebuttal testimony regarding the
> victim's positive character when the Defendant
> had not yet introduced evidence of the
> victim's negative character, pursuant to Fla.
> Stat. Section 90.404(1)(b).  This claim is
> refuted by the record, since defense counsel
> raised this issue in his opening argument by
> making statements regarding the victim's "evil
> intent," drunkenness, and "bizarre" behavior.
> The State's presentation of character
> testimony in response to a statement by
> defense counsel in opening argument was
> admissible, because defense counsel opened the
> door, and the State had a right to rebut. Gore
> v. State, 706 So. 2d 1328, 1335-1336 (Fla.
> 1997).  Pursuant to Gore, counsel had no basis
> upon which to object to the testimony elicited
> by the State.  Counsel cannot be ineffective
> for failing to argue a meritless issue.
> Teffeteller v. Dugger, 734 So. 2d 1009, 1023
> (Fla. 1999).  Ground 2(b) is DENIED.

(Ex. 27 at 4) (citations to the record omitted).  The post-conviction court then concluded that the State's comments during closing were not improper because the prosecutor was making fair comment on the evidence produced at trial:

> Defendant argues that counsel was ineffective
> for failing to object to the State's improper
> closing argument regarding the victim's
> character.  Defendant believes the State's
> comments that the victim was not a bad tenant,
> was not a bad drunk, and that the victim had
> no history of being a threat while he was drunk
> were improper.  The context of the entire
> closing argument demonstrates that the
> prosecutor was making fair comment on the
> evidence produced at trial.  The prosecutor's
> statements were not improper or objectionable,
> when taken in context with what the evidence

13

established during trial. <u>Stephens v. State</u>, 975 So. 2d 405, 421 (Fla. 2007). "The proper exercise of closing argument is to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence." <u>Griffin v. State</u>, 866 So. 2d 1, 16 (Fla. 2003), *citing* <u>Bertolotti v. State</u>, 476 So. 2d 130, 134 (Fla. 1985). Merely arguing a conclusion that can be drawn from the evidence is permissible fair comment. <u>Griffin v. State</u>, 866 So. 2d 1, 16 (Fla. 2003), *citing* <u>Mann v. State</u>, 603 So. 2d 1141, 1143 (Fla. 1992). The prosecutor's comments fell within the wide latitude permitted in closing arguments to the jury. <u>Stephens v. State</u>, 975 So. 2d 405, 421 (Fla. 2007). Defendant could not show he was prejudiced by comments that were permissible. Counsel had no basis upon which to object, and cannot be deemed ineffective for failing to raise a meritless issue. <u>Teffeteller v. Dugger</u>, 734 So. 2d 1009, 1023 (Fla. 1999). Ground 2(c) is DENIED.

(Ex. 27 at 5) (citations to the record omitted).

Petitioner does not explain how the post-conviction court's adjudication of these issues was contrary to <u>Strickland</u> or based upon an unreasonable determination of the facts. Rather, Petitioner reasserts that the state court's decision resulted from its misapplication of Florida Statute § 90.404(1)(b).[3]

---

[3] Florida Statute § 90.404(1)(b)(2) authorizes the introduction of the reputation of the victim's peacefulness when "offered by the prosecution in a homicide case to rebut evidence that the victim was the aggressor." Petitioner argues that "[a]t the point in time that the prosecutor elicited Mr. McGuire's testimony, the Defendant had not introduced any evidence of [the victim's] character or that he was the aggressor for which the State would have been entitled to rebut. Thus the evidence was inadmissible and objectionable." (Doc. 1 at 7). Even assuming, *arguendo*, that this Court agreed with Petitioner's interpretation of § 90.404, the Court is bound by the state courts' interpretation of state

Even if Petitioner's current claim could be interpreted as an assertion that the state court unreasonably applied Strickland when it concluded that counsel's performance was not deficient, in order to grant habeas relief, this Court would have to first conclude that the post-conviction court and the Second District Court of Appeal misinterpreted Florida law.  In Herring v. Secretary, Dept. of Corr., 397 F.3d 1338 (11th Cir. 2005) and Callahan v. Campbell, 427 F.3d 897 (11th Cir. 2005), the Eleventh Circuit addressed similar issues.  In those cases, the petitioners claimed that their trial attorneys were ineffective, based on state law, for failing to object to certain evidence at trial. Herring, 397 F.3d at 1354-55; Callahan, 427 F.3d 897, 932.  On direct appeal, the state courts rejected the petitioners' claims based on state law. Herring, 397 F.3d at 1354-55; Callahan, 427 F.3d 897, 932.  Both petitioners brought ineffective assistance of counsel claims in their federal habeas petitions, and the Eleventh Circuit rejected the claims, because granting the petitions would have required the Eleventh Circuit to conclude that the state appellate courts misinterpreted state law. Herring, 397 F.3d at 1354-55 ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's

---

law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (""[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); see also discussion infra.

counsel] done what [petitioner] argues he should have done. . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'"); <u>Callahan</u>, 427 F.3d 897, 932 ("[T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on [state law]-the objection would have been overruled. . . . Therefore, [petitioner's counsel] was not ineffective for failing to make that objection.").

Here, as in <u>Herring</u> and <u>Callahan</u>, Florida's Second District Court of Appeal has answered the question of what would have happened had Petitioner's counsel attempted to introduce evidence of the victim's criminal history or objected to the State's remarks during trial or closing regarding the victim's character. Therefore, counsel cannot be held ineffective for failing to object.  The state court's ruling did not result in an unreasonable application of federal law, and Petitioner is not entitled to federal habeas relief on Claim One. 28 U.S.C. § 2254(d).

### b. Claim Two

Petitioner argues that counsel was ineffective for neglecting to investigate the criminal history and character of the victim because such evidence would have been admissible as rebuttal testimony during Petitioner's trial (Doc. 1 at 9).  Specifically,

Petitioner asserts that the victim "had a jaded history of heavy drinking with associated violent and threatening tendency." Id. Petitioner argues that counsel should have called Indiana Police Officer, Jeff Cook, to testify that the victim had been charged with intimidation of a law enforcement officer after he was pulled over by police. Id. at 10.   Plaintiff also argues that the victim had "a troubling domestic violence history in the State of Florida, which would have been utilized by trial counsel as impeachment material to stem the tide of the prosecution[']s misleading 'good guy' character image of [the victim] at trial." (Doc. 11 at 24). Petitioner asserts that he suffered prejudice from counsel's failure because, had Petitioner had the opportunity "to defend himself with the truth," it would have affected the outcome of the trial (Doc. 1 at 11).

Petitioner raised this issue to a limited extent in Claim Two(a) of his original Rule 3.850 petition when he asserted that counsel was ineffective for failing to investigate the criminal history and character of the victim (Ex. 21).   Specifically, Petitioner argued that the victim had a criminal history, including three charges of driving under the influence and an Indiana charge for intimidation of a law enforcement officer. Id. at 6.   In his second Rule 3.850 motion, Petitioner expanded upon this claim by stating that Police Officer Jeff Cook should have been called to testify as to the events surrounding the victim's arrest for

17

intimidation of a law enforcement officer (Ex. 22 at 10). Petitioner also asserted in his amended Rule 3.850 motion that Tampa Police Officer Spirk should have been called to testify as to the authenticity of a domestic violence report prepared regarding an incident of domestic violence. Id. at 11.

Respondents argue that this claim is exhausted only to the extent raised in Petitioner's first Rule 3.850 motion because Petitioner's amended Rule 3.850 motion was dismissed by the state court as procedurally barred (Doc. 17 at 11). The Court has compared the issues raised in Claim Two of the instant petition with those raised in Petitioner's original Rule 3.850 motion and concludes that Petitioner's additions do not fundamentally alter this claim. The legal issues raised in this claim were considered and ruled upon by the state court. Thus, this claim is exhausted and will be addressed on the merits. However, the Court will not consider the additional facts and allegations that were not before the state court when it considered this claim.[4]

---

[4] Petitioner, citing Martinez v. Ryan, asserts that this Court should consider the additional facts and allegations raised in his defaulted Rule 3.850 motion and in the instant petition (Doc. 22). This Court does not agree. Martinez does not support a conclusion that a petitioner should be permitted to expand the factual record in order to bolster ineffective assistance of counsel claims which were raised and rejected in the initial-review state post-conviction proceeding. Because this claim was raised in Petitioner's initial timely post-conviction proceeding, and was rejected by the state post-conviction court on the merits, the claim is exhausted, and Martinez has no bearing on the resolution of Claim Two. See Moore v. Mitchell, 708 F.3d 760, 785 (6th Cir.

18

The post-conviction court responded to Petitioner's assertion that trial counsel was ineffective for failing to delve into the victim's criminal history, by stating:

> Defendant believes counsel should have investigated and introduced evidence regarding the victim's prior convictions for driving under the influence and "intimidation of a law enforcement officer." Even had counsel proffered this evidence, there is no prejudice. The record indicates that the State filed a motion in limine to exclude this specific evidence. A copy of the motion in limine is attached. Further, even if this evidence was admissible under Fla. Stat. Section 90.404, it does not appear it would have been admissible under Section 90.405, which precludes specific acts evidence when the character of a person is not an essential element of the crime or defense. See Dupree v. State, 615 So. 2d 713, 721 (Fla. 1st DCA 1993). In the instant case, the victim's character was not an essential element of the defense. Defendant admitted he did not know the victim, so he would have been unaware of the victim's character or prior convictions at the time of the offense, such that presentation of this evidence at trial would not be relevant to the jury's determination of whether Defendant's belief he was under imminent threat was reasonable. Ground 2(a) is DENIED.

(Ex. 27 at 4). Petitioner does not explain how the post-conviction court's adjudication of this claim was contrary to Strickland.

---

2013); Lopez v. Ryan, 678 F.3d 1131, 1137 (9th Cir. 2012) (declining to decide whether Martinez could be expanded to include ineffective assistance of post-conviction counsel in failing to develop the factual basis of a claim); see also Cullen v. Pinholster, 131 S. Ct. 1388, 1401 (2011) (recognizing that federal habeas courts are generally limited to the factual record that was before the State court when it considered a claim).

Instead, Petitioner argues that, because the State introduced evidence of the victim's peaceful character, "under Florida law, this entitled Petitioner to rebut that with evidence of the victim's specific acts of violence." (Doc. 41 at 5). Petitioner asserts that, because the post-conviction court did not consider this particular aspect of the claim, he is entitled to a *de novo* review of Claim Two. Id.

Petitioner's assertion ignores the fact that the post-conviction court specifically determined that this evidence would not have been admissible under Florida Statute § 90.405 (Ex. 27 at 4) ("[E]ven if this evidence was admissible under Fla. Stat. Section 90.404, it does not appear it would have been admissible under Secion 90.405, which precludes specific acts evidence when the character of a person is not an essential element of the crime or defense."). The post-conviction court's conclusion was confirmed on appeal. A state court's interpretation of state law binds this Court. Bradshaw, 546 U.S. at 76.

The state court has answered the question of what would have happened if counsel had sought to introduce evidence of the victim's criminal history. Trial counsel was not ineffective for failing to seek to introduce this evidence because the trial court would have rejected any attempt to do so. See discussion *supra* Claim One. This claim fails to satisfy either prong of the

20

Strickland analysis, and Petitioner is not entitled to federal habeas relief on Claim Two. 28 U.S.C. § 2254(d).

### c.   *Claim Three*

Petitioner asserts that trial counsel was ineffective for failing to investigate witnesses who had contact with the victim prior to the shooting incident (Doc. 1 at 13). Specifically, Petitioner asserts that trial counsel should have called witnesses Andrew Hamilton, Mike George, and Brian Ebener at trial to testify as to the victim's "reputation as an unpleasant alcoholic whom has frequently demonstrated violent tendencies against persons while inebriated." Id. at 13-14.

Petitioner asserts that he raised this issue in his first Rule 3.850 motion, and it is therefore exhausted (Doc. 41 at 7). However, in the first Rule 3.850 motion, Petitioner pointed to a newspaper article published two days after Petitioner's arrest in which four people claimed to have contact with the victim on the night of his death and described the victim's unusual behavior that evening (Ex. 21 at 10). The issue raised by Petitioner in that motion was that, had counsel "properly investigated by taking the statements of [Andrew Hamilton, Mike George, Andrea Dimsdale, and Piper Halliday], it is likely that counsel would have obtained competent admissible evidence concerning the behavior and

21

character of the [the victim] that evening." Id.[5]  Thus, the claim raised in Petitioner's first Rule 3.850 motion involved a different set of witnesses and is distinct from the "reputation" claim raised in the instant petition.  Petitioner's post-conviction counsel did attempt to raise the instant issue in his procedurally barred amended Rule 3.850 motion.  However, the second Rule 3.850 motion was dismissed as untimely filed (Ex. 27 at 2).  Accordingly, the instant claim has not been exhausted.

Petitioner argues that his procedural default of this claim is excused by Martinez v. Ryan (Doc. 22).  In Martinez, the Supreme Court held that ineffective assistance of collateral counsel in an initial review state collateral proceeding may provide cause to excuse the procedural default of an ineffective assistance of trial counsel claim, if the defaulted claim is "substantial." (Doc. 22) The holding in Martinez is not an independent basis for overturning a conviction, but rather an equitable rule that allows a federal court to decide a habeas claim that was procedurally defaulted in the initial-review state post-conviction proceeding. Id. at 1312.

---

[5] The post-conviction court determined that the claim raised in Petitioner's first Rule 3.850 motion was insufficiently pleaded because he had not indicated that the witnesses were known to counsel, or that the witnesses were available to testify (Ex. 27 at 7).  The post-conviction court also addressed this claim on the merits, concluding that, because none of the proposed witnesses were present when the victim was killed, their testimony would not have been relevant to the issues at trial. Id. at 8.

The Court concludes that Claim Three is not "substantial" so as to merit consideration under Martinez.

It is true that "[t]o perform within constitutional bounds, defense counsel must conduct a reasonable investigation in relation to their representation." Borden v. Allen, 646 F.3d 785, 818 (11th Cir. 2011). However to the extent that Petitioner argues that his counsel failed to arrange for witnesses to testify for the defense at trial, the "mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel." Chandler v. United States, 218 F.3d 1305, 1316 n. 20 (11th Cir. 2000) (en banc) (quoting Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995)). Indeed, such complaints "are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978).[6] Petitioner's unsupported contention that each of the listed witnesses would have testified that the victim was an "unpleasant alcoholic whom has frequently demonstrated violent tendencies against persons while inebriated" fails to satisfy

---

[6] The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

Strickland's prejudice prong because "mere speculation that
missing witnesses would have been helpful is insufficient to meet
the petitioner's burden of proof." Streeter v. United States, 335
F. App'x 859, 864 (11th Cir. 2009) (citing Johnson v. Alabama, 256
F.3d 1156, 1187 (11th Cir. 2001)).   Petitioner has not attached
any sworn statements from these uncalled witnesses, and merely
speculates that they would have testified on his behalf and that
their testimony would have been favorable.   Such speculation is
"insufficient to carry the burden of a habeas corpus petitioner[.]"
Aldrich v. Wainwright, 777 F.2d 630, 636 (11th Cir. 1985).

Because Petitioner has not established how he was prejudiced
within the meaning of Strickland, he has not shown that his claim
was "substantial" so as to excuse his default under Martinez.
Neither has Petitioner presented new, reliable evidence so as to
satisfy the "actually innocent" exception to a procedural bar
contemplated in Murray v. Carrier.   Accordingly, Claim Three is
dismissed as unexhausted and procedurally barred.

   d.   **Claim Four**

Petitioner asserts that trial counsel was ineffective for
failing to object to the trial court's decision to "eliminate a
crucial portion of the standard jury instruction on justifiable
use of deadly force[.]" (Doc. 1 at 16).   Specifically, Petitioner
argues that counsel should have insisted that the trial court read
to the jury a portion of the standard jury instruction instructing

24

that deadly force was justified if a defendant believed it necessary to prevent "[t]he imminent commission of (applicable forcible) felony against (himself)(herself) or another." (Doc. 1 at 17).  Although the omitted portion is intended to be read only if applicable, Petitioner argues that counsel should have insisted that aggravated assault was a forcible felony that would have justified inclusion of the additional instruction and that omitting this portion "lessoned the burden to convict[.]" Id.

Respondents argue that this claim is procedurally defaulted because Petitioner did not raise it in his first, properly filed, Rule 3.850 motion (Doc. 17 at 11).  Petitioner concedes that he did not timely raise this claim in a Rule 3.850 motion, but argues that he timely raised an issue of ineffective assistance of appellate counsel in a petition for belated appeal, and accordingly, the claim is exhausted (Doc. 41 at 7).  Alternatively, Petitioner argues that his procedural default of this claim is excused pursuant to Martinez v. Ryan (Doc. 22).  The Court concludes that this claim has not been exhausted and is now procedurally barred.

First, Petitioner's ineffective assistance of appellate counsel claim did not exhaust his claim of ineffective assistance of trial counsel, which is the claim raised in the instant petition.  The United States Supreme Court has held that a habeas petitioner's presentation of an ineffective-assistance of trial

25

counsel claim in state court does not exhaust a claim that appellate counsel was ineffective -- even when the same act or omission allegedly rendered both counsel ineffective. Baldwin v. Reese, 541 U.S. 27, 29 (2004). This holding applies here. Accordingly, Petitioner's state petition in which he argued that appellate counsel was ineffective for failing to raise a claim of fundamental error on direct appeal (Ex. 16) did not exhaust the instant claim that trial counsel was ineffective for failing to present that same issue to the trial court.

Likewise, Petitioner's Martinez argument does not excuse Petitioner's failure to exhaust. After reviewing the relevant portion of the transcript in which the issue of this jury instruction was discussed, the Court concludes that the claim is not "substantial." Martinez, 132 S. Ct. at 1318-20.

During the charge conference, defense counsel notified the trial judge that he wished for a condensed portion of the standard instruction regarding the justifiable use of deadly force to be read to the jury (T. at 602). The full Florida instruction regarding the justifiable use of deadly force reads:

> The use of deadly force is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting
>
> 1. another's attempt to murder him,

> 2. any attempt to commit (applicable
>    felony) upon him, or
>
> 3. any attempt to commit (applicable
>    felony) upon or in any dwelling,
>    residence, or vehicle occupied by
>    him.

Fla. St. J. I. § 3.6(f).  Defense counsel argued to the court that Petitioner's testimony had not established any "applicable felony" to justify the use of the instructions contained in numbers one through three of the standard instruction (T. at 605).  As a consequence, asserted defense counsel, those portions of the instruction needed to be omitted from the jury charge because "a person is justifiable using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent the imminent death or great bodily harm to himself or another." (T. at 604-05).  Although the State countered that Petitioner's testimony had "arguably" established an aggravated assault (so as to warrant reading the full instruction), the Court agreed with defense counsel and stated that an instruction stating that a defendant is justified in using deadly force if he faced "imminent or great bodily harm to himself or another" would be sufficient (T. at 605).

Petitioner now argues that omitting the additional language regarding aggravated assault lessened the burden of proof needed for a conviction (Doc. 41 at 9).  The Court does not agree.  In its charge to the jury, the trial court instructed that:

27

An issue in this case is whether the defendant acted in self-defense.  It is a defense to the offense with which David Joseph Au is charged if the death of Michael Pontius resulted from the justifiable use of force likely to cause death or great bodily harm.

A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another.

In deciding whether the defendant was justified in the use of force likely to cause death or great bodily harm, you must judge him by the circumstances by which he was surrounded at the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of force likely to cause death or great bodily harm, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force.  Based on appearances, the defendant must have actually believed the danger was real.

(T. at 678-79).  The trial court's omission of the words "aggravated assault" from the instruction did not increase Plaintiff's burden to show the justifiable use of deadly force. Petitioner had testified as to the victim's actions prior to the shooting, and the trial court clearly instructed the jury that it must consider the circumstances Petitioner faced at the time deadly force was used against the victim.  Jurors are presumed to follow the law as they are instructed. Raulerson v. Wainwright, 753 F.2d 869, 876 (11th Cir. 1985).  Therefore, the trial court's failure to provide a specific name for the alleged actions of the victim

28

would not have affected the jurors' consideration of Petitioner's claim of self-defense.   Petitioner cannot show prejudice from the omission of this portion of the jury instruction.

Likewise, it was not objectively unreasonable for counsel to conclude that the additional instructions were unnecessary and to request a much shorter instruction.   See Strickland, 466 U.S. at 688 (in order to establish deficient performance, a defendant must show that his counsel's conduct fell below an objective standard of reasonableness).   As noted, Petitioner testified at trial about the victim's behavior prior to the shooting (T. at 525-600). Petitioner, who had offered the victim a ride home, testified that the victim refused to provide him with his address and, after Petitioner stopped at his own home and retrieved a gun, the victim just began "flipping out."  (T. at 565-36, 540).   Although, as the State noted, the actions of the victim could "arguably" be considered an aggravated assault, it was not unreasonable for defense counsel to seek to expand the categories of behavior that could justify the use of deadly force.   Accordingly, Petitioner has not satisfied either prong of the Strickland analysis.

This claim is not substantial, and Martinez does not overcome the procedural bar.   Neither has Petitioner presented new, reliable evidence so as to satisfy the "actually innocent" exception to a procedural bar contemplated in Murray v. Carrier.   Accordingly, Claim Four is dismissed as unexhausted and procedurally barred.

29

### d.  Claim Five

Petitioner asserts that the cumulative effects of his trial counsel's ineffective assistance justify vacating his conviction and sentence (Doc. 1 at 20-21).  In Morris v. Sec'y, Dept. of Corr., 677 F.3d 117, 1132 (11th Cir. 2012), the Eleventh Circuit recognized that "[t]he cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." Id. at 1132 (quoting United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005)).  The court noted, however, that a cumulative error claim must fail when none of the petitioner's individual claims of error have merit.  Id.

This Court has addressed each of Petitioner's claims and found no individual errors.  Accordingly, no cumulative errors can exist, and Claim Five is denied. See Mullen v. Blackburn, 808 F.2d 1143, 1147 (5th Cir. 1987)(Petitioner could not obtain habeas relief through aggregation of individual meritless claims he had averred; twenty times zero is zero); Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors.").

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

30

## IV. **Certificate of Appealability**

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'", Miller-El, 537 U.S. at 335-36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   Claims One, Two and Five of the Petition for Writ of Habeas Corpus filed by David Joseph Au are **DENIED**.   Claims Three and Four are **DISMISSED** as unexhausted and procedurally barred.

2.   Petitioner is **DENIED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

31

3.    The Clerk of the Court is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of March, 2014.

_John E. Steele_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA:  OrlP-4 3/4/14
Copies to:  David Joseph Au
Counsel of Record

32